# UNITED STATES DISTRICT COURT

**DISTRICT OF NEW JERSEY**
**(973) 776-7700**

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07102

October 13, 2026

## LETTER ORDER

**Re: Lucas v. Township of Jefferson, et al.**
**Civil Action No. 26-9441 (MCA)**

Dear Mr. Lucas and Counsel,

On August 26, 2026, this Court issued an Order setting the deadline for the filing of any motions to dismiss by Defendants for September 25, 2026. *See* Dkt. No. 9. On September 21, 2026, upon request by the Jefferson Defendants dated September 17, 2026 and for good cause shown, the Court extended the deadline for the filing of any motions to dismiss to October 9, 2026. Dkt. No. 24. Thereafter, counsel for Defendants Johnathan Dikun and Dikun Enterprises (the "Dikun Defendants") entered a notice of appearance on the docket. Dkt. No. 29. On October 7, 2026, before expiration of the Court-ordered deadline for the filing of any dismissal motions, both the Jefferson Defendants and the Dikun Defendants filed letters to the Court requesting an extension until October 23, 2026 to file their motion to dismiss. The Jefferson Defendants articulated that "conflicting personal and work obligations," including an upcoming trial in another case, would prevent them from filing their motion to dismiss by the October 9, 2026 deadline. *See* Dkt. No. 36. Counsel for the Dikun Defendants stated that she was recently retained and likewise faced conflicting case deadlines that would prevent filing of the Dikun Defendants motion to dismiss by October 9, 2026. *See* Dkt. No. 38. Therefore, for good cause shown, the Court

extended Defendants' deadline until October 23, 2026 to file their motions to dismiss. Dkt. Nos. 37, 45.

Accordingly, in light of the foregoing, the Court orders as follows:

1. The Clerk's Entry of Default as to Defendant Jonathan Dikun dated October 2, 2026 is herewith **VACATED** as premature. Should the Dikun Defendants fail to file their motion to dismiss (which serves as their responsive pleading) by the prescribed October 23, 2026 deadline, only then may Plaintiff renew his request for Clerk's Entry of Default as to the Dikun Defendants. Until then, Plaintiff shall refrain from making any further requests for the entry of default and shall also refrain from filing any motions for default judgment as to the Dikun Defendants.
2. For the reasons expressed in Paragraph 1 above, Plaintiff's motions for default judgment against the Dikun Defendants [Dkt. Nos. 39, 42, and 44] are **DENIED without prejudice**.
3. Plaintiff's motion to strike the Dikun Defendants' notice of appearance [Dkt. No. 31] is **DENIED**.
4. Plaintiff's motion to enforce the original deadline for the filing of Defendants' motions to dismiss, Plainiff's motion to strike Defendants' extension requests, and Plaintiff's motion to vacate the Court's October 7, 2026 Order [Dkt. Nos. 40, 41, 43] are **DENIED**, since the Court's two extensions of Defendants' deadline to file a motion to dismiss were granted for good cause shown and such extensions do not constitute undue prejudice to Plaintiff who has been given a corresponding extension of his time to file oppositions to any motions to dismiss by Defendants as set forth in Paragraph 6 below.
5. Plaintiff's motions to strike "any anticipated responsive pleadings, [] answers, or defensive filings" [Dkt. Nos. 46, 50] are **DENIED**.

6. Out of an abundance of caution, the Court further clarifies that any motions to dismiss by Defendants shall be filed and responded to in accordance with the below schedule:
   a. Any motions to dismiss shall be filed by **October 23, 2026**.
   b. Plaintiff shall have until **November 20, 2026** to file his oppositions to any motions to dismiss and may do so in an omnibus fashion.
   c. Defendants shall file any replies thereto by **December 4, 2026**.

**IT IS SO ORDERED**.

*s/ James B. Clark, III*
**JAMES B. CLARK, III**
**United States Magistrate Judge**